# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

## MICHAEL TYRONE GORDON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 93-D-1629     Seth Norman, Judge**

---

**No. M2010-02000-CCA-R3-HC** - Filed July 20, 2011

---

Petitioner, Michael Tyrone Gordon, has appealed from the trial court's dismissal of the pleading he designated as a "Motion to Correct Illegal Sentence," and which the trial court treated as a petition for writ of habeas corpus. The State has filed a motion for this Court to affirm the judgment by Memorandum Opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee. Upon review of Petitioner's brief, the State's motion and the entire record, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Davidson County Criminal Court Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Michael Tyrone Gordon, *pro se*.

Robert E. Cooper, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On June 15, 2001, Petitioner entered guilty pleas in the Criminal Court of Davidson County to two offenses. He pled guilty to the Class A felony of facilitation of first degree murder and to the Class A felony of especially aggravated robbery. Pursuant to the negotiated plea agreement which precipitated his guilty pleas, Petitioner received an "out of Range" sentence of thirty-five years as a Range I offender for the conviction of facilitation of first degree murder, and an "in Range" sentence of twenty-five years as a Range I offender

for the especially aggravated robbery conviction. The sentences were also ordered to be served concurrently with each other.

On August 9, 2010, Petitioner filed his pleading which asserted that he was entitled to relief as both convictions were void because of his "illegal" sentence which was in excess of the range of fifteen to twenty-five years for a Class A felony Range I sentence. A Class A felony conviction has a statutorily authorized punishment of not less than fifteen years nor more than sixty years. T.C.A. § 40-35-111(b)(1).

In *Hoover v. State*, 215 S.W.3d 776 (Tenn. 2007), our Supreme Court stated the issue before the Court as follows:

> We granted permission to appeal in this case to consider the legality of a sentence imposed pursuant to a plea agreement. The agreed sentence exceeds the maximum available term in the offender Range but does not exceed the maximum punishment authorized for the offense.

*Id*. At 777

Specifically, the petitioner in *Hoover* pled guilty pursuant to a negotiated plea agreement to the Class A felony offense of second degree murder, and received an "out of Range" sentence of thirty-five years as a Range I offender. Thus, except for the type of Class A offense, the facts in *Hoover* are identical to Petitioner's case.

The Supreme Court in *Hoover* held,

> A plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense. Hoover's plea-bargained sentence is well below the maximum punishment authorized for the Class A felony offense of second degree murder. We reiterate that offender classification and release eligibility are non-jurisdictional and may be used as bargaining tools by the State and the defense in plea negotiations. Hoover waived any irregularity concerning his offender classification or release eligibility when he pleaded guilty. Thus, Hoover is not entitled to habeas corpus relief.

*Id*. at 780-81 (footnote omitted).

Based upon *Hoover*, Petitioner is not entitled to relief in his appeal.

## CONCLUSION

In this case, the trial court's judgment dismissing Petitioner's pleading was rendered before the trial court without a jury. It was not a determination of guilty, the evidence does not preponderate against the finding of the trial judge, and no error of law requiring the reversal of the judgment is apparent in the record. Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, JUDGE