# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 29, 2012

## ALONZO QUAWNDELL VINSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 91599     Jon Kerry Blackwood, Judge**

---

**No. E2011-00735-CCA-R3-PC - Filed July 25, 2012**

---

Petitioner, Alonzo Quawndell Vinson, appeals the post-conviction court's dismissal of his petition for post-conviction relief following an evidentiary hearing. The sole ground for relief presented at the hearing was that Petitioner's sentence for aggravated assault, imposed pursuant to a negotiated plea agreement, is illegal, and the judgment of conviction is therefore void. After a thorough review of the record and the briefs, we affirm the judgment of the post-conviction court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Knox County Criminal Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and ROGER A. PAGE, JJ., joined.

William J. Taylor, Knoxville, Tennessee, for appellant, Alonzo Quawndell Vinson.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Randall E, Nichols, District Attorney General; and Kenneth Irvine, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

From our review of what is in the record Petitioner was originally charged in a three-count indictment, returned by the Knox County Grand Jury, with one count of attempted first degree murder and two counts of aggravated assault, and all charges pertained to the same incident and the same victim. Petitioner had sufficient qualifying prior felony convictions

to establish him as a Range II offender for a conviction of attempted first degree murder, and the State had filed a notice to seek enhanced punishment. The range of sentence for that possibility was 25 to 40 years at 35% release eligibility date (RED). The indictment and the judgment of conviction were not made exhibits at the post-conviction hearing or attached to the petition for post-conviction relief. Petitioner received an agreed sentence of fifteen years as a Range I standard offender with a RED of 30% for his Class C felony aggravated assault conviction. All other charges in the indictment were dismissed. The statutorily authorized range of punishment for a Class C felony is not less than three years nor more than fifteen years. Tenn. Code Ann. § 40-35-111(b)(3). A Range I sentence for a Class C felony is not less than three years nor more than six years. *Id*. at § 40-35-112(a)(3). A 30% RED is available only for a Range I sentence. *Id*. at § 40-35-10 (graph). Therefore Petitioner's sentence for a conviction of the Class C felony offense as a Range I 30% offender pursuant to his negotiated guilty plea agreement is outside the range of three to six years for a Range I but is within the statutory maximum allowed sentence of fifteen years.

Petitioner testified in his own behalf at the post-conviction hearing. His trial counsel did not testify. The State called as its own witness the Assistant District Attorney General who represented the State in Petitioner's case. In light of the only issue presented to the post-conviction court, there is no need to summarize these witnesses' testimony. However, we set forth how the issue was framed in the post-conviction hearing.

During opening statements the following transpired:

| [Post-Conviction Court]: | Well, your [Petitioner's Counsel] position is - - your position really is that there's not any ineffective assistance of counsel. Your position is this is an illegal sentence. |
|---|---|
| [Petitioner's Post-Conviction Counsel]: | Precisely. |
| [Post-Conviction Court]: | And so, therefore, [trial counsel's] testimony, as far as whether he was effective or ineffective, is not going to assist your case? |
| [Petitioner's Post-Conviction Counsel]: | Precisely, your Honor. |

Just after Petitioner testified his post-conviction counsel stated:

[Petitioner's
Post-Conviction Counsel]: Judge, without [trial counsel] here, I - - again, our position is the same concerning the legality of the sentence. I just don't know how much [trial counsel's] testimony is going to impact or sway your decision. However, a lot [of] your questions [to Petitioner], your Honor, were directed towards the understanding that [Petitioner] had, which our position is still that it's irrelevant based on relevant case law . . . .

During closing argument Petitioner's post-conviction counsel reiterated that the issue which required Petitioner to be granted post-conviction relief was that the sentence he received was an illegal sentence. At the post-conviction hearing Petitioner relied upon our supreme court's opinion in *McConnell v. State*, 12 S.W.3d 795 (Tenn. 2000). However, Petitioner does not rely upon *McConnell*, or even cite it in his appellate brief. Instead, Petitioner appears to rephrase the issue to assert that Petitioner's guilty plea was not knowingly and voluntarily entered. Petitioner is not permitted to rely on only one ground for relief in the post-conviction court and then change his ground(s) for relief on appeal. Tenn. Code Ann. § 40-30-106(g); *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996)("Issues raised for the first time on appeal are considered waived.").

Our supreme court's decision in *Hoover v. State*, 215 S.W.3d 776 (Tenn. 2007) controls the result of Petitioner's appeal. In *Hoover*, the court approved an "out of range" sentence for a second degree murder conviction which resulted from a negotiated plea agreement. The defendant was classified as a Range I offender (not less than 15 nor more than **25** years) for the class A felony offense to which he pled guilty, but he received a sentence of **35** years. *Id*. at 778. After noting that the statutorily authorized sentence for Class A felonies is not less than 15 nor more than 60 years, the court concluded that the 35-year sentence, while outside a Range I sentence, was well within the overall punishment range for the Class A felony offense of second degree murder. *Id*. at 779. The court succinctly held,

> A plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense . . . . We reiterate that offender classification and release eligibility are non-jurisdictional and may be used as bargaining tools by the State and the defense in plea negotiations.

*Id*. at 780.

Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the post-conviction court was in a proceeding without a jury, it was not a determination of guilt, the evidence does not preponderate against the finding of the post-conviction court, and no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the post-conviction court is affirmed by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____

THOMAS T. WOODALL, JUDGE