IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 10, 2015

**STATE OF TENNESSEE v. MICHAEL CHRISTOPHER BIGBEE**

**Appeal from the Circuit Court for Robertson County**
**Nos. 07-0362, 74CC3-2010-CR-235     Michael R. Jones, Judge**

_____

**No. M2014-01999-CCA-R3-CD – Filed October 14, 2015**
_____

Defendant, Michael C. Bigbee, appeals from the trial court's summary dismissal of his motion filed pursuant to Tennessee Rule of Criminal Procedure 36.1. Following our review of the parties' briefs, the record, and the applicable law, we affirm the trial court's dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right, Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Michael Christopher Bigbee, Atlanta, Georgia, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; John Wesley Carney, Jr., District Attorney General; and Jason White, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

*Procedural history*

The record reflects that on September 26, 2008, Defendant pleaded guilty in case number 07-0362 as a Range I standard offender to the sale of a Schedule II substance less than .5 grams and delivery of a Schedule II substance less than .5 grams. Defendant was sentenced to three years for each count to be served concurrently with each other and consecutively to case number 07-0009. The sentence was ordered to be served on probation. On August 31, 2001, a violation of probation order was entered indicating that Defendant had violated the terms and conditions of his probation by "committing a new

felony drug offense in docket #2010-cr-235 [sic]." Defendant was then ordered to serve his original three-year sentence in confinement.

On February 3, 2012, Defendant pleaded guilty in case number 74CC3-2010-CR-235 as a Range II multiple offender to the sale of a Schedule II substance less than .5 grams and received a sentenced of six years to be served in confinement, concurrently with the sentence in case number 07-0362.

On August 22, 2014, Defendant filed a motion to correct an illegal sentence in case numbers 07-0362 and 74CC3-2010-CR-235. The trial court denied the motion by a hand-written note on the bottom of the motion which indicated that the motion was time-barred. This hand-written entry by the trial court was dated and file-stamped by the court clerk on August 29, 2014.

*Analysis*

Defendant filed the motion that is the subject of this appeal pursuant to Tennessee Rule of Criminal Procedure 36.1. First, we point out that the trial court erroneously concluded that the motion could be dismissed on the basis that it was time-barred. The rule provides that a motion filed pursuant to Tenn. R. Crim. P. 36.1 may be filed "at any time." Tenn. R. Crim. P. 36.1(a).

In 2012, the Tennessee Supreme Court promulgated and adopted Rule 36.1, which was ratified and approved by the Tennessee General Assembly by House Resolution 33 and Senate Resolution 11 and became effective on July 1, 2013. Complier's Notes, Tenn. R. Crim. P. 36.1. The rule provides:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

2

(c)(1)  If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement.  If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3)  If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement.  If so, the court shall give the defendant an opportunity to withdraw his or her plea.  If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant.  If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4)  If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1.

The legislature also approved a proposed amendment to Tennessee Rule of Appellate Procedure 3(b) to provide both the State and a defendant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure."  Therefore, a new appeal as of right was created for individuals who had received an illegal sentence.  Pursuant to Rule 36.1, an appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief.  Tenn. R. Crim. P. 36.1(b); *see Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App., Mar. 7, 2014).  Because Rule 36.1 does not define "colorable claim," this court has adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H):  "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief. . . ."  *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App., July 16, 2014) (quoting Tenn. Sup. Ct. R. 28 § 2(H)).

On appeal, Defendant first argues that his sentence in 74CC3-2010-CR-235 is illegal because the State failed to file a notice to seek enhanced punishment as a multiple offender pursuant to T.C.A. § 40-35-202. He further asserts that the trial court failed to conduct a hearing to make a finding beyond a reasonable doubt that his prior convictions were sufficient to establish that he was a multiple offender. As quoted above, Tenn. R. Crim. P. 36.1 defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly convenes an applicable statute." Tenn. R. Crim. P. 36.1(a). In this case, a Range II sentence is not *illegal* by Rule 36.1's definition because: (1) a Range II sentence is authorized by statute, and (2) a Range II sentence does not directly contravene any statute. Since there was a negotiated plea agreement, we do not conclude that the Range II sentence was even erroneous. A defendant can legally plead guilty and receive a longer sentence in Range II or Range III when he is only a Range I offender by statutory definition, when the sentence is part of a negotiated plea agreement and the defendant receives consideration, such as dismissed charges, in return. *See Hoover v. State,* 215 S.W.3d 776, 779 (Tenn. 2007)("[A] knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility.").

Even if the Range II sentence in Defendant's present case was to be found "erroneous" (i.e., he did not have any prior felony convictions) he would not be entitled to relief under Tenn. R. Crim. P. 36.1. The enactment of Tenn. R. Crim. P. 36.1 did not repeal statutes, rules, and case law that have long established the provisions for finality of judgments in criminal cases. "[I]t is clear that the State has a legitimate interest in preventing the litigations of stale or fraudulent claims." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). Tenn. R. Crim. P. 36.1 was enacted to provide a remedy for what it defines as an illegal sentence, such as a situation where concurrent sentences are imposed when consecutive sentencing is *mandated* in *all* sentences which fall within a defined class – i.e., a sentence for any felony committed while on parole for a felony. Tenn. R. Crim. P. 32(c)(3)(A). Accordingly, we interpret the definition of "illegal sentence" found in Tenn. R. Crim. P. 36.1(a) to mean a sentence that by mandatory statutory provision(s) *always* contravenes a statute, or a sentence that by mandatory statutory provisions is *never* authorized.

As for the lack of a hearing, the fact that the *procedure* for arriving at the imposition of a Range II sentence might not have followed statutory provisions does not make the sentence itself "illegal" as that term is defined in T. R. Crim. P. 36.1(a). Therefore, Defendant's sentence is not illegal under these theories asserted by Defendant.

Defendant also argues that his sentence in case number 74CC3-2010-CR-235 is illegal because he was on probation in case number 07-0362 when he committed the offense in 74CC3-2010-CR-235. He asserts that his sentences should have been ordered

4

to run consecutively rather than concurrently, and the sentence is in contravention of T.C.A. § 40-20-111 which states:

> (a) When any person has been convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first conviction; provided, that the terms of imprisonment to which the convicted person is sentence shall run concurrently or cumulatively in the direction of the trial judge. The exercise of discretion of the trial judge shall be reviewable by the supreme court on appeal.
>
> (b) In any case in which a defendant commits a felony while the defendant was released on bail in accordance with chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

Tenn. R. Crim. P. 32(c) (2) (B) provides:

> If, as a result of conviction in another state or in federal court, the defendant has any additional sentence or portion thereof to serve, the court shall impose a sentence that is consecutive to any such unserved sentence unless the court determines in the exercise of its discretion that good cause exists to run the sentences concurrently and explicitly so orders.

Tenn. R. Crim. P. 32(c) (3) further provides:

> When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same *or other courts* and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> > (A)   to a sentence for a felony committed while on **parole** for a felony;
> >
> > (B)   to a sentence for escape or for a felony committed while on escape;
> >
> > (C)   to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses; and

5

        (D)     for any other ground provided by law.

(emphasis added).

Defendant in this case was on probation, and not parole, for the offenses in case number 07-0362 when he committed the offense in case number 74CC3-2010-CR-235. T.C.A. § 40-35-115(b) states, "The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that . . . [t]he defendant is sentenced for an offense committed while on probation." (emphasis added). Therefore consecutive sentences were not mandatory, and Defendant's sentence is not illegal for this reason.

The judgment of the trial court is affirmed.


_____
THOMAS T. WOODALL, PRESIDING JUDGE

6