IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville February 17, 2016

**STATE OF TENNESSEE v. DONQUISE TREMONTE ALEXANDER**

**Appeal from the Criminal Court for Davidson County
No. 2011-A-317     Mark J. Fishburn, Judge**

---

**No. M2015-02098-CCA-R3-CD – Filed February 29, 2016**

---

The Defendant, Donquise Tremonte Alexander, pleaded guilty pursuant to a negotiated plea agreement to second degree murder and received a thirty-year sentence. More than three years later, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct an illegal sentence because his sentence exceeds the sentencing range for a Range I offender convicted of a Class A felony. The trial court summarily dismissed the motion after determining that the Defendant knowingly and voluntarily pleaded guilty and agreed to a sentence outside the appropriate sentencing range pursuant to *Hicks v. State*, 945 S.W.2d 706 (Tenn. 1997). On appeal, the Defendant contends that the trial court erred in dismissing his motion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Donquise Tremonte Alexander, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Glenn Funk, District Attorney General; and Janice Norman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2011, the Defendant was indicted for premeditated first degree murder, first degree felony murder, attempt to commit especially aggravated robbery, and possession of a weapon during the commission of a dangerous felony.[1] On July 26, 2012, the Defendant pleaded

---

[1] This case originated in juvenile court but was transferred to criminal court on December 8, 2010.

guilty pursuant to a negotiated plea agreement to second degree murder as a lesser included offense of first degree premeditated murder in exchange for a thirty-year sentence at 100% service and for the dismissal of the remaining charges. The petition to enter a guilty plea reflects the Defendant's signature and requests the trial court accept his guilty plea to second degree murder in exchange for a thirty-year sentence at 100% service "pursuant to *State v. Hicks.*"

On August 21, 2015, the Defendant filed a motion to correct an illegal and void sentence pursuant to Tennessee Criminal Procedure Rule 36.1. In the motion, the Defendant stated that the sentencing range for a Range I offender convicted of a Class A felony is fifteen to twenty-five years and that as a result, his thirty-year sentence is illegal. *See* T.C.A. § 40-35-112(a)(1) (stating that "a Range I sentence . . . [f]or a Class A felony [is] not less than fifteen (15) nor more than twenty-five (25) years").

On September 23, 2015, the trial court summarily dismissed the Defendant's motion. In its written order, the court found that the Defendant pleaded guilty and accepted an out-of-range sentence of thirty years at 100% service pursuant to the plea agreement. The court noted that the Defendant signed the petition to enter a guilty plea and that the petition reflected the Defendant was pleading guilty to second degree murder in exchange for a thirty-year sentence pursuant to *Hicks*. The trial court also found that at the guilty plea hearing, the Defendant told the trial court that he was voluntarily entering his guilty plea and that he knew the consequences of his guilty plea. This appeal followed.

The Defendant contends that the trial court erred by summarily dismissing his motion to correct an illegal sentence. He argues that his thirty-year sentence is illegal because it exceeds the possible sentence for a Range I offender convicted of a Class A felony. The State responds that the trial court properly dismissed the motion. We agree with the State.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id*. at 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

The record reflects that the Defendant was indicted for first degree premeditated murder, first degree felony murder, attempt to commit especially aggravated robbery, and possession of a weapon during the commission of a dangerous felony. Pursuant to a negotiated plea agreement, the Defendant pleaded guilty to second degree murder, a lesser included offense of first degree premeditated murder, in exchange for a thirty-year sentence and for the dismissal of the remaining charges. The petition to enter a plea agreement reflects the Defendant's signature and that the agreement was pursuant to *Hicks v. State*.

In *Hicks*, our supreme court determined that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." 945 S.W.2d at 709. Likewise, in *Hoover v. State*, 215 S.W.3d 776 (Tenn. 2007), the petitioner pleaded guilty to second degree murder pursuant to a negotiated plea agreement in exchange for a thirty-five-year sentence at 100% service as Range I offender. In denying habeas corpus relief, our supreme court concluded that "[a] plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." *Id.* at 780. The authorized punishment for a Class A felony is not less than fifteen years nor more than sixty years. T.C.A. § 40-35-111 (2014).

In the present case, the Defendant received a sentence that exceeded the possible sentence for a Range I offender for a Class A felony, but the sentence was less than the maximum permitted by law. Although the guilty plea hearing transcript is not included in the appellate record, the trial court reviewed the record and found that the Defendant entered a knowing and voluntary guilty plea. *See State v. James D. Wooden*, --- S.W.3d ---, ---, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *6 (Tenn. Dec. 2, 2015) ("[W]hen determining whether a Rule 36.1 motion sufficiently states a colorable claim, a trial court may consult the record of the proceedings from which the allegedly illegal sentence emanated."). As a result, we conclude that the Defendant's sentence is not illegal because the plea-bargained sentence does not exceed the maximum punishment authorized for second degree murder. Therefore, the trial court properly dismissed the Defendant's motion, and he is not entitled to relief on this basis.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE