IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. FRED E. SMITH, JR.**

**Appeal from the Criminal Court for Wilson County**
**No. 3377     Brody Kane, Judge**

**No. M2017-01360-CCA-R3-CD**

Defendant, Fred E. Smith, Jr., is appealing the trial court's denial of his motion to correct an illegal sentence filed pursuant to Rule of Criminal Procedure Rule 36.1  The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J. and ROBERT W. WEDEMEYER, J., joined.

Comer L. Donnell, District Public Defender, and Thomas H. Bilbrey, Assistant Public Defender, for the Appellant, Fred E. Smith, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 1989, Defendant pled guilty to second degree murder and received an agreed upon sentence of fifty years at thirty percent as a Range I standard offender.  Defendant was unsuccessful in his pursuit of three previous habeas corpus petitions. *Fred Smith v. Henry Steward, Warden*, No. W2012-00633-CCA-R3-HC, 2012 WL 5859660 (Tenn. Crim. App. Nov. 19, 2012), *perm. app. denied* (Tenn. Mar. 5, 2013); *State v. Fred E. Smith*, No. W2006-02504-CCA-R3-HC, 2007 WL 2323384 (Tenn. Crim. App. Aug. 13, 2007), *perm. app. denied* (Tenn. Jan. 28, 2008); *Fred E. Smith v. State*, No. 02C01-9906-CC-00185, 1999 WL 1095696 (Tenn. Crim. App. Oct. 28, 1999), no perm. app. filed.  In

July 2016, Defendant filed a motion to correct an alleged illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Following a hearing, the trial court denied the motion. This appeal ensued. The record and Defendant's brief have been filed. In response, the State filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

In the motion he filed in the trial court, Defendant argued his fifty-year sentence is illegal because at the time of his crime the sentence range for a Range I standard offender convicted of second degree murder was ten to thirty-five years. Under the 1982 Sentencing Act, which applied to Defendant's case, second degree murder was a Class X felony and carried a range of punishment from ten years to life in prison. T.C.A. §§ 39-2-211(b) and -212 (1982) (repealed 1989). A life sentence was presumed to be sixty years. T.C.A. § 40-35-109(d)(1) (1982) (repealed 1989). Defendant correctly identified the applicable sentencing range for a Range I standard offender as between ten and thirty-five years. *Id*.

Recognizing the fact that Defendant previously challenged the validity of his sentence via habeas corpus petitions, the trial court concluded Defendant did not present a colorable claim for relief in his Rule 36.1 motion. Citing this Court's opinions from 2007 and 1999, the court ruled Defendant's plea-bargained sentence did not exceed the maximum punishment for second degree murder and waived any irregularity as to offender classification and release eligibility. In this Court's most recent opinion from 2012, we reiterated our holding from 2007: "'the petitioner's fifty-year sentence would not be an illegal sentence even though it exceeded the maximum sentencing range for a Range I offender because the sentence fell within the maximum punishment range of sixty years authorized for Class X felony offenses such as second degree murder.'" *Smith*, 2012 WL 5859660 at *2 (quoting *Smith*, 2007 WL 2323384 at *3).

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors

include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

The trial court did not err in denying Defendant's motion in this case. "[A] plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized by the plea offense." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). Moreover, as noted above, our Supreme Court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *Wooden*, 478 S.W.3d at 594-95. Indeed, that court observed the language of Rule 36.1 "mirrors" the definition of an illegal sentence for habeas corpus purposes. *Id.* Accordingly, this Court's analysis in the Defendant's previous habeas corpus actions controls the outcome herein. The trial court correctly ruled Defendant did not state a colorable claim for relief pursuant to Rule 36.1.

Any other challenges by Defendant to the voluntariness of his guilty plea are insufficient to state a colorable claim for relief in a Rule 36.1 motion. As this Court has emphasized, Rule 36.1 "provide[s] an avenue for correcting allegedly illegal *sentences*. The Rules does *not* provide an avenue for seeking the reversal of *convictions*." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622 (Tenn. Crim. App., Mar. 31, 2014), *perm. app. denied*, (Tenn., Nov. 19, 2014) (emphases in original).

Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____

TIMOTHY L. EASTER, JUDGE