IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 14, 2019

**STATE OF TENNESSEE v. ANDREW K. JOHNSTON**

**Appeal from the Circuit Court for Bedford County**
No. 17189    Forest A. Durard, Jr., Judge

————————————————————

**No. M2019-00219-CCA-R3-CD**

————————————————————

The Appellant, Andrew K. Johnston, filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, and the Bedford County Circuit Court summarily denied the motion.  On appeal, the Appellant contends that the twenty-seven-year sentence he received pursuant to his guilty plea to second degree murder is illegal because it is outside the maximum range of punishment for a Range I offender convicted of a Class A felony.  Based upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Andrew K. Johnston, Pro Se, Only, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Robert James Carter, District Attorney General; and Michael David Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The Appellant was indicted for first degree murder in April 2011 and entered a best interest guilty plea to second degree murder, a Class A felony, in October 2011.  Pursuant to the plea agreement, he was sentenced as a Range I, violent offender to twenty-seven years in confinement.

In January 2019, the Appellant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his sentence was illegal because the maximum punishment for a Range I offender convicted of a Class A felony was twenty-five years. The trial court denied the motion without a hearing, concluding that the Appellant's sentence was not illegal because the statutorily authorized punishment for a Class A felony was fifteen to sixty years, and the Appellant's bargained-for sentence of twenty-seven years was within that range.

## II. Analysis

On appeal, the Appellant maintains that his twenty-seven-year sentence is illegal because it falls outside the range of punishment for a Range I offender convicted of a Class A felony. The State argues that the trial court properly dismissed the Appellant's Rule 36.1 motion. We agree with the State.

Rule 36.1, Tennessee Rules of Criminal Procedure, permits a defendant to seek correction of an unexpired illegal sentence at any time. See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). As our supreme court has explained, only "fatal" sentencing errors render sentences illegal. State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). "Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. Conversely, "[c]laims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." Id. Few appealable errors rise to the level of an illegal sentence. Id.

If a Rule 36.1 motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). Our supreme court has recognized that "Rule 36.1 does not define 'colorable claim.'" Wooden, 478 S.W.3d at 592. Nevertheless, the court explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." Id. at 594. In determining whether a motion states a colorable claim, the trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated." Id. Whether a Rule 36.1 motion states a colorable claim is a question of law, which we review de novo. Id. at 588.

In summarily denying the Appellant's Rule 36.1 motion, the trial court relied on Hoover v. State, 215 S.W.3d 776 (Tenn. 2007). Likewise, the State relies on Hoover on appeal. In Hoover, our supreme court stated that "[a] plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." 215 S.W.3d at 779. The range of punishment for a Range I offender convicted of a Class A felony is fifteen to twenty-five years. See Tenn. Code Ann. § 40-35-112(a)(1). However, as the trial court correctly found, the statutorily authorized maximum punishment for a Class A felony is sixty years. See Tenn. Code Ann. § 40-35-112(c)(1). The Appellant's twenty-seven-year sentence does not exceed the maximum punishment authorized for the plea offense. Therefore, the Appellant's twenty-seven-year sentence is not illegal.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE