IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. SHUN M. RAMEY**

**Appeal from the Criminal Court for Wilson County**
**No. 10-CR-789       Brody Kane, Judge**

_____

**No. M2019-00755-CCA-R3-CD**

_____

Defendant, Shun M. Ramey, is appealing the trial court's denial of his motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ. joined.

Shun M. Ramey, Pro Se, Only, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In July 2012, Defendant pled guilty to second degree murder, a Class A felony, and received an agreed upon forty-year sentence as a Range II, multiple offender to be served at 100% for a violent offense. The plea agreement and judgment reflect that the forty-year sentence is consecutive to all prior sentences. In February 2019, Defendant filed a motion to correct an illegal sentence. Tenn. R. Crim. P. 36.1. The trial court summarily denied relief. Defendant now appeals. In response to the filing of the record on appeal and Defendant's brief, the State has filed a motion to affirm the ruling of the trial court pursuant to Rule 20 of the rules of the Tennessee Court of Criminal Appeals. For the reasons stated below, said motion is hereby granted.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal

sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). That court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

Defendant argues the sentence he bargained for is not authorized by statute. He also alleges that the State failed to properly file notice of enhancement and that his plea was not voluntary. "[A] plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized by the plea offense." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). Here, Defendant was charged with first degree felony murder and entered a negotiated plea to second degree murder in exchange for a sentence of forty years as a Range II, multiple offender. Second degree murder is a Class A felony. T.C.A. § 39-13-210(c)(1) (2011). The statutory maximum for a Class A felony is 60 years, and a Range II sentence for the offense is 25 to 40 years. T.C.A. §§ 40-35-111(b)(1) and 112(b)(1). Any sentence for second degree murder is required to be imposed at 100%. T.C.A. §§ 40-35-501(i)(1) and 501(i)(2)(B). Accordingly, Defendant's plea-bargained forty-year sentence with a release eligibility of 100% is specifically authorized by the applicable statutory scheme. Furthermore, Defendant's claims regarding the alleged lack of notice of enhanced sentencing and the voluntariness of his plea are not actionable in a Rule 36.1 motion. *State v. Michael Scott Bickford*, No. M2018-01837-CCA-R3-CD, 2019 WL 1579198, at *2 (Tenn. Crim. App. Apr. 12, 2019).

In light of the discussion above, we conclude Defendant's sentence is not illegal under the terms of Rule 36.1. Accordingly, the trial court did not err in denying relief. The ruling of the trial court is therefore affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
Judge Timothy L. Easter