IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 26, 2025

## STATE OF TENNESSEE v. SHAVONE D. PAGE

**Appeal from the Criminal Court for Knox County**
**No. 88008    Hector Sanchez, Judge**

_____

**No. E2024-01159-CCA-R3-CD**

_____

Pro se Petitioner, Shavone D. Page, appeals the summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. After review, we agree with the trial court that Petitioner has not raised a colorable claim under Rule 36.1, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which TIMOTHY L. EASTER, J., and W. MARK WARD, SP.J., joined.

Shavone Page, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; Charme P. Allen, District Attorney General; and Jordan Murray, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual and Procedural History

On November 24, 2008, Petitioner pleaded guilty to three counts of aggravated burglary, five counts of especially aggravated kidnapping, three counts of aggravated rape, two counts of aggravated sexual battery, and two counts of aggravated robbery. The trial court, pursuant to a negotiated plea agreement, sentenced Petitioner as a Range I standard offender to an effective thirty years' confinement, to be served at 100 percent.

Thereafter, Petitioner filed a petition for post-conviction relief, arguing that his guilty pleas were unknowing and involuntary because he received ineffective assistance of counsel. *Page v. State*, No. E2012-00421- CCA-R3-PC, 2013 WL 68904, at *1 (Tenn. Crim. App. Jan. 7, 2013), *no perm. app. filed*. The post-conviction court denied the petition, and Petitioner appealed to this court. This court denied relief, concluding that the post-conviction court properly determined that trial counsel's representation was "in no way deficient" and that Petitioner failed to show that he suffered prejudice based upon trial counsel's performance. *Id.* at *11.

On June 24, 2024, Petitioner filed the present motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. Therein, Petitioner asserted that his thirty-year sentence for his Class A felony convictions exceeded the maximum sentence allowed for a Range I standard offender under Tennessee Code Annotated section 40-35-104.

On July 9, 2024, the trial court held a hearing on the motion. The State argued that the motion should be dismissed for failure to state a colorable claim pursuant to Rule 36.1. Specifically, the State argued that a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility. Moreover, it argued that a plea-bargained sentence imposed as part of a plea agreement may exceed the permitted sentence for a Range I offender if it is less than the maximum sentence permitted by law. Petitioner was not present at the hearing.

The trial court agreed with the State and issued a written order denying Petitioner's motion for failure to raise a colorable claim. The trial court found that "a plea-bargained sentence may legally exceed the maximum available in the offender range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." *See Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). On August 5, 2024, Petitioner filed a timely notice of appeal.

II. Law and Analysis

Petitioner contends the trial court erred in dismissing his Rule 36.1 motion to correct an illegal sentence. Petitioner maintains that his sentence was illegal because his sentence was greater than that permitted within his offender classification. The State argues that Petitioner is not entitled to relief because "he failed to raise a colorable claim and because any issues regarding his plea agreement are both waived and previously decided." We agree with the State.

A defendant or the State "may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was

entered." Tenn. R. Crim. P. 36.1(a)(1). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id.* at 36.1(a)(2). If the trial "court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." *Id.* at 36.1(2). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Whether a defendant's motion "states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (compiling cases).

The appellate record reflects that the trial court properly dismissed Petitioner's Rule 36.1 motion. Under Tennessee Code Annotated section 40-35-112, a Range I offender convicted of a Class A felony may be sentenced to a period of confinement of fifteen to twenty-five years. Tenn. Code Ann. § 40-35-112. However, "[a] plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." *Hoover*, 215 S.W.3d at 780. At the time of Petitioner's offense, the authorized sentence for a Class A felony was fifteen to sixty years' confinement. Hence, Petitioner's thirty-year sentence is not illegal because it was the product of a bargained-for plea agreement and within the authorized punishment for his guilty-pleaded offenses.

The State further argues that to the extent Petitioner challenges the validity of his guilty pleas, this issue was previously determined in his post-conviction appeal. *See Page*, 2013 WL 68904, at *1. We agree. In his appellate brief, Petitioner asserts that the trial court "did not have a legitimate reason for offering him plea-deal sentences that statutorily exceeded the maximum punishment authorized [by statute]." As the State correctly notes, this court has previously concluded that Petitioner knowingly and voluntarily pleaded guilty under the terms of a bargained-for plea agreement. *Id.* at *10-11. As such, Petitioner is not entitled to relief on this issue.

### III. Conclusion

Based on our review, we conclude that the trial court properly denied Petitioner's motion for Rule 36.1 relief. Accordingly, we affirm the judgment of the trial court.

s/ Matthew J. Wilson
MATTHEW J. WILSON, JUDGE

- 3 -