IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2016

**STATE OF TENNESSEE v. MARTY V. BELL**

**Appeal from the Criminal Court for Shelby County**
No. 94-05534      Lee V. Coffee, Judge
_____

**No. W2015-02525-CCA-R3-CD  -  Filed October 5, 2016**
_____

The Defendant pled guilty to aggravated rape and received a sentence of twenty-five years as a multiple rapist.  The Defendant now challenges his sentence as illegal pursuant to Tennessee Rule of Criminal Procedure 36.1, asserting that the trial court erred by failing to make a factual finding of his previous rape conviction and that a disparity exists between the length of his sentence and other shorter sentences for more serious convictions.  After a thorough review of the record, we affirm the trial court's dismissal of the Defendant's motion to correct his sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Marty V. Bell, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

In 1994, the Defendant pled guilty to aggravated rape, a Class A felony, as a Range I offender with a recommended sentence of twenty-five years.  The trial court found the Defendant to be a multiple rapist, and the sentencing report indicates that he was convicted of rape in 1985.  The Defendant was sentenced to twenty-five years as a Range I offender, which is an authorized sentence for a Class A felony, Range I offense.

In 2015, pursuant to Tennessee Rule of Criminal Procedure 36.1, the Defendant filed a motion to correct an illegal sentence in the Criminal Court for Shelby County. The Defendant argued in his motion that the trial court erred by failing to make a factual finding of his prior rape conviction and that his sentence was disproportionate when compared to the sentences of other defendants convicted of sexual offenses. The trial court denied the motion without a hearing, and the Defendant appealed.

## ANALYSIS

The Defendant argues that Tennessee Code Annotated section 40-35-210 supports the notion that he should have received a fifteen-year sentence and that, thus, his current sentence is illegal. Tennessee Rule of Criminal Procedure 36.1 ("Rule 36.1") provides an avenue to seek correction of an illegal sentence:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to

withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1.[1]  The Tennessee Supreme Court held that a "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).  This court reviews such issues de novo. *Id.* at 589.

A sentence is not illegal when it is "statutorily available but ordinarily inapplicable to a given defendant"; rather, an illegal sentence is one that is "simply unavailable under the Sentencing Act." *Cantrell v. Easterling*, 346 S.W.3d 445, 454 (Tenn. 2011); *see* Tenn. R. Crim. P. 36.1(a) ("[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.").  The Tennessee Supreme Court held that "a plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense" and that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007) (citing *Hicks v. State*, 945 S.W.2d 706, 707-09 (Tenn. 1997)).

The Defendant contends that his sentence is illegal because the trial court wrongfully sentenced him to the maximum sentence as a multiple rapist.  The trial court, however, sentenced him within the statutory sentencing guidelines; his sentence was available under the Sentencing Act.  T.C.A. § 40-35-112(a)(1); § 39-13-502.  Because the plea-bargained sentence does not exceed the maximum punishment authorized for a conviction of aggravated rape, a Class A felony, the sentence is not illegal. *See Hoover*, 215 S.W.3d at 780.

---

[1] Rule 36.1 was recently amended effective on July 1, 2016.  "The former version of subdivision (a) provided that a motion to correct an illegal sentence could be filed 'at any time.' Subdivision (a) is amended to clarify that such motions must be filed before the defendant's sentence expires …." Tenn. R. Crim. P. 36.1 cmt. (2016).

Tennessee Code Annotated section 39-13-523 provides that multiple rapists must "serve the entire sentence imposed by the court . . . if at least one [] of the required offenses occurs on or after July 1, 1992," T.C.A § 39-13-523(e) (1992), and that their sentence may not be "[]diminished by any sentence reduction credits the person may be eligible for or earn." *Id.* at §39-13-523(b).[2] Importantly, "[t]he multiple rapist classification is mandatory rather than discretionary." *Cantrell*, 346 S.W.3d at 457.

The Defendant argues that the judgment form misrepresents him as a multiple rapist. The sentence, however, is nonetheless legal. The Defendant was a multiple rapist because he was previously convicted of rape in 1985. He is required to serve twenty-five years at 100 percent because at the time of sentencing he had a previous rape conviction. The statutory provision mandating multiple rapist status is not, as the Defendant suggests, an ex post facto violation. The provision requiring a Defendant to serve his sentence at 100 percent became effective before his conviction. Also, his later conviction occurred after July 1, 1992 and, therefore, the trial court was obliged to sentence the Defendant to the entirety of the twenty-five years and not afford him sentence reduction credits.

The Defendant's brief raises a litany of issues for the first time on appeal. These issues are waived because he failed to raise the issues in the trial court. *Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("[A]n issue raised for the first time on appeal is waived.") (citing *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996)).

## CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[2] Although not in effect at the time of the Defendant's conviction, a 2007 amendment to Tennessee Code Annotated section 40-35-501(i)(3) makes clear the legislature's intent that no other statute would conflict with this provision. *See* T.C.A. § 40-35-501(i)(3) ("Nothing in this subsection (i) shall be construed as affecting, amending or altering the provisions of § 39-13-523, which requires child sexual predators, child rapists and multiple rapists to serve the entire sentence imposed by the court undiminished by any sentence reduction credits."). Because Rule 36.1 motions apply solely to illegal sentences, the Defendant cannot seek sentence reduction credits through the motion on appeal.