IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2016

## CALVIN E. BARTLETT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-16-16  Roy B. Morgan, Jr., Judge**
_____

**No. W2016-00616-CCA-R3-PC  -  Filed November 15, 2016**
_____

Petitioner, Calvin E. Bartlett, received an effective ten-year sentence as the result of a January 2015 plea agreement that disposed of two felonies and six misdemeanors in two different cases in the Madison County Criminal Court. Petitioner subsequently filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel and that his guilty pleas were made unintelligently. The post-conviction court denied relief, and Petitioner timely appealed. Because Petitioner failed to prove that he received ineffective assistance of counsel, the decision of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Calvin E. Bartlett.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General, Senior Counsel; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner was indicted by the Madison County Grand Jury in case number 12-69 for aggravated assault, possession of a handgun by a convicted felon, tampering with evidence, aggravated burglary, theft over of property valued over $1000, cruelty to animals, and vandalism over $500. In case number 12-70, Petitioner was indicted for

aggravated burglary, theft of property valued over $1000, vandalism under $500 and resisting arrest.

On January 9, 2015, Petitioner pled guilty to the reduced charges of simple assault, aggravated criminal trespass, theft of property valued under $500, and vandalism in Case No. 12-69. Petitioner also pled guilty to aggravated burglary, theft of property valued over $1000, vandalism, and resisting arrest in Case No. 12-70. In exchange for Petitioner's plea, the agreement established that Petitioner would be sentenced as a Range II offender and that all sentences in both cases would run concurrently for an effective sentence of ten years to serve. All other charges were dismissed as part of the plea agreement.

On January 21, 2016, Defendant filed a pro se petition for post-conviction relief, followed by four amended petitions with the assistance of appointed counsel, all alleging that he received ineffective assistance of trial counsel and that his guilty pleas were made unintelligently.

At the evidentiary hearing on the petition, Petitioner testified that he requested copies of the discovery from trial counsel but did not receive any. Petitioner maintained that had the discovery been provided, the outcome of his case would have been "a lot different" because he "would have had something to work by." Petitioner also testified that he requested to meet with trial counsel to discuss the charges in the indictment and the discovery, but trial counsel did "not really" meet with Petitioner. Petitioner intended to go to trial in Case No. 12-69, but trial counsel told him that he had to plead guilty in both cases or else the State would not approve of a plea agreement. Petitioner testified that he felt that he had no other choice but to plead guilty because trial counsel was not ready for trial. During cross-examination, Petitioner admitted that, before he pled guilty, he had a criminal record of two felony convictions and several misdemeanors. However, Petitioner contended that trial counsel did not argue for a lesser sentence based on relevant mitigating factors, such as the non-violent nature of the crimes and his criminal history.

Trial counsel testified that he defended some pro se pre-trial motions filed by Petitioner and filed a motion for discovery. The prosecutor's office followed an open-file policy and permitted trial counsel access to everything within the case file. Trial counsel reviewed the discovery material with Petitioner and discussed the plea negotiations with him. Trial counsel recalled that the case was "pretty straightforward" and discussed potential defenses with Petitioner. Trial counsel testified that he would have been prepared to litigate the case by the time the trial date arrived.

After the hearing, the post-conviction court entered an order denying post-conviction relief. Petitioner timely appealed to this Court. He argues that the post-

conviction court erred by denying his petition for post-conviction relief because the evidence presented at the evidentiary hearing established that trial counsel was ineffective for 1) failing to object to Petitioner's classification as a Range II offender, 2) failing to provide Petitioner with complete discovery, 3) failing to adequately meet with Petitioner, and 4) failing to pay adequate attention to Petitioner's case.[1] Petitioner also argues that trial counsel's ineffective assistance rendered his guilty pleas invalid.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). On appeal, this Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

Both the Sixth Amendment to the Constitution of the United States and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one

---

[1] Any other issues raised in the post-conviction court but not pursued before this Court are considered abandoned. *See Ronnie Jackson, Jr. v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim. App. Oct. 26, 2009), *perm. app. denied* (Tenn. Apr. 16, 2010).

component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). This Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). In the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

When a petitioner asserts that his guilty plea was rendered invalid due to the ineffective assistance of counsel, the primary question is whether it was entered knowingly, voluntarily, and understandingly. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). "[A] plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Boykin*, 395 U.S. at 242-43). Moreover, a plea cannot be voluntary if the defendant is "incompetent or otherwise not in control of his mental facilities" at the time it is entered. *Id.* (quoting *Brown v. Perini*, 718 F.2d 784, 788 (6th Cir. 1983)).

To determine whether a plea has been made knowingly, voluntarily, and understandingly, a court must look at the totality of the circumstances, including such factors as:

the relative intelligence of the [petitioner]; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Powers v. State*, 942 S.W.2d 551, 556 (Tenn. 1996) (quoting *Blankenship*, 858 S.W.2d at 904). "If the accused is to make a 'voluntary and intelligent choice among the alternative courses of action' available to him, counsel must advise the accused, among other things, of the choices that are available to him as well as the probable outcome of these choices." *Parham v. State*, 885 S.W.2d 375, 384 (Tenn. Crim. App. 1994). Moreover, "[t]he entry of a plea of guilty to avoid a . . . risk [of] greater punishment does not, standing alone, make the plea involuntary." *Id.* at 381(citing *Capri Adult Cinema v. State*, 537 S.W.2d 896, 898 (Tenn. 1976) (other citations omitted)); *see also Brady v. United States*, 397 U.S. 742, 748-50 (1970); *Hicks v. State*, 983 S.W.2d 240, 248 (Tenn. Crim. App. 1998).

After a careful review of the record, we conclude that the evidence in the record does not preponderate against the findings of the post-conviction court and does not demonstrate that the post-conviction court erred by denying post-conviction relief. The post-conviction court accredited the testimony of trial counsel over that of Petitioner. Trial counsel testified that he was adequately informed about Petitioner's cases. He obtained discovery, reviewed the discovery with Petitioner, discussed trial strategy with Petitioner, and explained the plea negotiations with Petitioner. Petitioner failed to prove that trial counsel performed deficiently in his obligations to Petitioner as alleged.

Petitioner also failed to prove that there was anything improper about his plea-bargained sentence as a Range II offender. When plea bargaining, "the parties may agree to a 'hybrid' sentence that 'mixes and matches' range assignment, term of years, and release eligibility without regard to what our sentencing scheme might call for absent a plea bargain *so long as* (1) the term of years is within the overall range of years specified for the offense and (2) the [release eligibility date] is not less than the minimum allowable for the offense." *Davis v. State*, 313 S.W.3d 751, 760 (Tenn. 2010) (internal citations omitted). "[A] knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Id.* (quoting *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007)). Petitioner has not pointed to any authority suggesting that his offender classification or sentences were improper, and he has not claimed that trial counsel did not explain the details of the plea agreement with him before he entered his guilty pleas. The transcript of the guilty plea hearing demonstrates that the trial court

thoroughly reviewed the details of the plea agreement with Petitioner and also advised him of his constitutional rights.[2]

Because Petitioner has failed to prove by clear and convincing evidence that he received the ineffective assistance of counsel when entering his guilty pleas, he has likewise failed to prove that his guilty pleas were unintelligent or involuntary as a result of ineffective assistance. Based on the foregoing, Petitioner is not entitled to post-conviction relief, and the decision of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

---

[2]During the plea colloquy, Petitioner, through his attorney, stipulated "to the alleged facts of both indictments" and thus waived a determination of a factual basis for all seven offenses. Petitioner does not now claim that there was no factual basis for his pleas. Consequently, the lack of a stated factual basis at the time of the plea acceptance has no impact on his post-conviction claims.