
## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 26, 2017 at Knoxville

## STATE OF TENNESSEE v. PERRY MITCHELL KIRKMAN

### Appeal from the Criminal Court for Davidson County
### No. 2009-A-404    Steve Dozier, Judge

### No. M2016-02248-CCA-R3-CD

The Defendant, Perry Mitchell Kirkman, pleaded guilty to two counts aggravated sexual battery in 2010 and received a fifteen-year sentence as a Range II offender. Six years later, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct an illegal sentence because his sentence exceeds the sentencing range for a Range I offender convicted of a Class B felony. The trial court summarily dismissed the motion after determining that the Defendant knowingly and voluntarily pleaded guilty and agreed to a sentence outside the appropriate sentencing range pursuant to *Hicks v. State*, 945 S.W.2d 706 (Tenn. 1997).[1] On appeal, the Defendant contends that the trial court erred in dismissing his motion. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Perry Mitchell Kirkman, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; and Glenn Funk, District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 2009, the Defendant was indicted for ten counts of rape of a child, two counts of displaying sexual acts to a minor, and one count of solicitation of rape of a child. On April 22, 2010, the Defendant pleaded guilty pursuant to a negotiated plea agreement to two counts of aggravated sexual battery in exchange for a fifteen-year sentence at 100% service and for the dismissal of the remaining charges. The petition to enter a guilty plea reflects the

---

[1] In *Hicks*, our supreme court determined that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." 945 S.W.2d at 709.

Defendant's signature and requests the trial court accept his guilty plea to two counts of aggravated sexual battery in exchange for a fifteen-year sentence at 100% service. The judgment forms reflect that the Defendant pleaded guilty as a Range II offender pursuant to *Hicks*.

On September 14, 2016, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Criminal Procedure Rule 36.1. In the motion, the Defendant stated that he was a Range I offender based upon his previous criminal history, that his Range II sentence was illegal, and that the trial court lacked the authority and jurisdiction to impose a sentence outside the appropriate sentencing range. *See* T.C.A. § 40-35-112(a)(2) (stating that "[a] Range I sentence . . . [f]or a Class B felony, [is] not less than eight (8) years nor more than twelve (12) years[.]").

On September 21, 2016, the trial court summarily dismissed the Defendant's motion. In its written order, the court found that the Defendant pleaded guilty to two counts of aggravated sexual battery and accepted an out-of-range sentence of fifteen years at 100% service pursuant to the plea agreement and pursuant to *Hicks*. After reviewing the guilty plea hearing transcript, the court determined that the Defendant entered his guilty pleas knowingly and voluntarily and that the Defendant had failed to state a colorable claim for relief. This appeal followed.

The Defendant contends that the trial court erred by summarily dismissing his motion and that his sentence is illegal because he was erroneously sentenced as a Range II offender. He argues that the sentence is a nullity and that his due process rights were violated. The State responds that the trial court properly dismissed the motion. We agree with the State.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id*. at 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

Whether a defendant states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as

"a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*.

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id*. at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specially provides a right of direct appeal." *Id*.; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

The record reflects that the Defendant was indicted for ten counts of rape of a child, two counts of displaying sexual acts to a minor, and one count of solicitation of rape of a child. Pursuant to the negotiated plea agreement, the Defendant pleaded guilty to two counts of aggravated sexual battery, Class B felonies, in exchange for a fifteen-year sentence and for the dismissal of the remaining charges. The petition to enter a guilty plea reflects the Defendant's signature, and the judgment forms reflect that the guilty pleas were entered pursuant to *Hicks*. Although the transcript of the guilty plea hearing is not included in the appellate record, the trial court's order dismissing the motion reflects that the court reviewed the transcript and determined it reviewed the terms of the plea agreement with the Defendant. The court also determined that the Defendant pleaded guilty pursuant to *Hicks*, agreeing to a Range II sentence of fifteen years. The court determined that the Defendant entered knowing and voluntary guilty pleas relative to the offender classification.

In *Hicks*, our supreme court determined that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." 945 S.W.2d at 709. Likewise, in *Hoover v. State*, 215 S.W.3d 776 (Tenn. 2007), the petitioner pleaded guilty to second degree murder pursuant to a negotiated plea agreement in exchange for a thirty-five-year sentence at 100% service, although he was a standard offender. In denying habeas corpus relief, our supreme court concluded that "[a] plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." *Id*. at 780.

-3-

In the present case, the Defendant received a sentence that exceeded the possible sentence for a Range I offender convicted of a Class B felony, but the sentence imposed was less than the maximum permitted by law. The authorized punishment for a Class B felony is not less than eight years nor more than thirty years. T.C.A. § 40-35-111(b)(2) (2014). Although the guilty plea hearing transcript is not included in the appellate record, the trial court reviewed the record and found that the Defendant entered a knowing and voluntary guilty plea. *See Wooden*, 478 S.W.3d at 594 ("[W]hen determining whether a Rule 36.1 motion sufficiently states a colorable claim, a trial court may consult the record of the proceedings from which the allegedly illegal sentence emanated."). As a result, we conclude that the Defendant's sentence is not illegal because the plea-bargained sentence does not exceed the maximum punishment authorized for aggravated sexual battery. Therefore, the trial court properly dismissed the Defendant's motion, and he is not entitled to relief on this basis.

In reaching this determination, we have not overlooked the Defendant's allegation that he is entitled to Rule 36.1 relief because he received the ineffective assistance of counsel and because his guilty pleas were involuntary and unknowing. These claims were not alleged in his motion, and he is not entitled to raise the issues on appeal. *See* T.R.A.P. 36(a) (stating that appellate "relief may not be granted in contravention of the province of the trier of fact"). In any event, these allegations are not fatal errors for purposes of Rule 36.1 relief but rather are appealable errors that do not render a sentence illegal. *See Wooden*, 478 S.W.3d at 595. We note that the Defendant sought post-conviction relief, and this court affirmed the post-conviction court's determinations that the Defendant did not receive ineffective assistance and that his guilty pleas were voluntary and knowing. *See Perry Kirkman v. State*, No. M2011-01781-CCA-R3-PC, 2013 WL 54030, at *1 (Tenn. Crim. App. Jan. 4, 2013). Therefore, the Defendant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-4-