IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. DAVID A. BRIMMER**

**Appeal from the Circuit Court for Anderson County**
**No. 99CR0137      Donald R. Elledge, Judge**

_____

**No. E2017-00720-CCA-R3-CD**

_____

The pro se Appellant, David A. Brimmer, appeals the Anderson County Circuit Court's order summarily dismissing his motion to correct an illegal sentence. *See* Tenn. R. Crim. P. 36.1. The State has filed a motion to affirm the trial court's order pursuant to Tennessee Court of Criminal Appeals Rule 20. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

David A. Brimmer, Pro Se, Mountain City, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin Ball, Assistant Attorney General; and David S. Clark, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 1991, an Anderson County Circuit Court jury convicted the Appellant of first degree murder and sentenced him to death for the October 1989 death of Rodney Compton. On direct appeal, the Tennessee Supreme Court affirmed the Appellant's conviction and sentence. *State v. Brimmer*, 876 S.W.2d 75 (Tenn. 1994), *cert. denied*, 115 S. Ct. 585 (1994) (*Brimmer I*). The Appellant filed a petition for post-conviction relief. On appeal, this court reversed the judgment of the post-conviction court and granted the Appellant a new sentencing hearing based upon the ineffective assistance of counsel at the penalty phase of the trial. *Brimmer v. State*, 29 S.W.3d 497 (Tenn. Crim. App. 1998) (*Brimmer II*).

While both the Appellant's and the State's applications for permissive review were pending before the Tennessee Supreme Court, the Appellant negotiated to plead guilty by information to one count of aggravated kidnapping of the victim in exchange for the State's withdrawing its notice to seek the death penalty. Pursuant to the negotiated plea agreement, the Appellant was sentenced to sixty years' incarceration to be served as a violent offender for the aggravated kidnapping conviction and to life for the first degree murder conviction. By agreement, the life sentence was ordered to be served consecutively to the sixty-year sentence.

The Appellant filed a petition for post-conviction relief challenging the voluntariness of his plea and the legality of the sentence, the denial of which was affirmed by this court on appeal. *David Brimmer v. State*, No. E2005-02328-CCA-R3-PC, 2006 WL 3455219 (Tenn. Crim. App. Nov. 30, 2006), *perm. app. denied* (Tenn. Apr. 23, 2007) (*Brimmer III*). The Appellant then challenged the legality of the sixty-year sentence via a petition for a writ of habeas corpus, alleging that the sentence was illegal because it was not an available punishment at the time of the offense. This court affirmed the habeas corpus court's denial of relief. *David Allen Brimmer v. David Sexton, Warden*, No. E2013-01987-CCA-R3-HC, 2014 WL 1759096 (Tenn. Crim. App. Apr. 30, 2014) (*Brimmer IV*).

The Appellant then filed his first motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that the sixty-year sentence for aggravated kidnapping was illegal "because aggravated kidnapping is a Class B felony for which the sentence cannot exceed 30 years." *State v. David A. Brimmer*, No. E2014-01393-CCA-R3-CD, 2014 WL 7201795, at *2 (Tenn. Crim. App. Dec. 18, 2014), *perm. app. denied* (Tenn. Apr. 10, 2015) (*Brimmer V*). This court affirmed the trial court's denial of relief, concluding that the Appellant had failed to state a colorable claim for Rule 36.1 relief. *Id*. We concluded that the Appellant was convicted of the offense of aggravated kidnapping as it existed at the time of the offense, but he received the benefit of the more lenient sentence provided by the 1989 Act. *Id*. Further, this court noted that the Appellant's agreeing to plead outside his sentencing range did not render the sentence illegal. *Id.* at *4-5.

On March 9, 2017, the Appellant filed the instant motion to correct an illegal sentence, once again challenging the legality of the sentence for aggravated kidnapping. In this motion to correct an illegal sentence, however, the Appellant alleged that the sixty-year sentence to be served at one hundred percent as a Violent Offender for aggravated kidnapping is illegal because the one hundred percent release eligibility rendered the sentence under the 1989 Criminal Sentencing Reform Act more onerous than a sentence of life imprisonment with a release eligibility of twenty-five years under the 1982 Criminal Sentencing Reform Act. On March 24, 2017, the trial court denied the

Appellant's motion, ruling that the Appellant had again failed to raise a colorable Rule 36.1 claim.

On appeal, the Appellant argues that the trial court's summary denial was erroneous. The State argues that this court should affirm the trial court's summary dismissal by memorandum opinion because the Appellant failed to state a colorable claim for relief pursuant to Rule 36.1 and that the Appellant raised the identical issue in the previous motion to correct an illegal sentence.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id.* at 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id.* at 36.1(c)(1).

Whether a defendant states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id.* at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id.*

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id.* at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specially provides a right of direct appeal." *Id.*; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve

attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

Contrary to the State's assertion, the Appellant did not raise this precise claim in the first motion to correct an illegal sentence. That said, in affirming the trial court's denial of the Appellant's first motion to correct an illegal sentence, this court noted that

> In this case, Appellant has not stated a colorable claim for relief. As noted by our previous opinion [concerning the denial of habeas corpus relief], Tennessee Code Annotated section 40-35-117 provides, "any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982 and November 1, 1989, shall be sentenced under the provisions [of the 1989 Sentencing Reform Act]." *David Allen Brimmer*, 2014 WL 1759096 at *2 (alteration in original). . . . Under Tennessee Code Annotated section 40-35-118, an aggravated kidnapping committed prior to November 1, 1989 is classified as a Class A felony. The sentencing range for Class A felonies is between 15 and 60 years. T.C.A. §40-35-112. Appellant's sentence is within that range and is, therefore, not illegal.

*Brimmer V*, at *2. Furthermore, "[b]ecause Appellant voluntarily agreed to serve his sentence at 100%, his sentence is not illegal." *Id*. at *4.

A harsher release eligibility or offender classification does not render the agreed sentence illegal. "[O]ffender classification and release eligibility are non-jurisdictional and may be used as bargaining tools by the State and the defense in plea negotiations." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). Furthermore, "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Id.* (citing *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997)). There is nothing in the record to indicate that the Appellant's plea was unknowing or involuntary. We reiterate that the sentence imposed in this case is not illegal.

Accordingly, we affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.

_____
ROBERT H. MONTGOMERY, JR., JUDGE