IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

STATE OF TENNESSEE v. DARRELL ADAMS

**Appeal from the Criminal Court for Shelby County**
No. 17-00651      Paula L. Skahan, Judge

———————————————————

**No. W2018-00543-CCA-R3-CD**

———————————————————

The Appellant, Darrell Adams, is appealing the trial court's denial of his motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS, P.J., and J. ROSS DYER, J. joined.

J. Shae Atkinson, Memphis, Tennessee, for the Appellant

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In July 2014, the Appellant pled guilty to one count of the unlawful possession of a firearm by a convicted felon, a Class C felony. The Appellant received an agreed upon fifteen-year sentence as a Range III Persistent Offender to be served at forty-five percent. In January 2017, the Appellant filed a motion to correct an illegal sentence. *See* Tenn. R. Crim. P. 36.1. The trial court appointed counsel. Following a hearing, the trial court ultimately denied relief. The Appellant now appeals. In response to the filing of the record on appeal and the Appellant's brief, the State has filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

The Appellant's argument on appeal is, in its entirety: "In the present case, Appellant alleges that his negotiated sentence is not authorized by the applicable statute or that his sentence directly contravenes an applicable statute. Appellant alleges that the bargained for sentence exceeds this States Statutory Maximum for the crime and is illegal on its face." The Appellant offers no explanation in support thereof.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our Supreme Court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). That court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

"[A] plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized by the plea offense." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). Here, the Appellant pled guilty to the unlawful possession of a firearm by a convicted felon, a Class C felony. Tenn. Code Ann. 39-17-1307. A Class C felony is punishable up to fifteen years. Tenn. Code Ann. § 40-35-111(b). A Range III offender convicted of a Class C felony shall be sentenced between ten and fifteen years. Tenn. Code Ann. § 40-35-112(c). As the trial court correctly found, the Appellant's sentence of fifteen years does not exceed the maximum sentence authorized for a Class C felony.

In light of the discussion above, we conclude the Appellant's sentence is not illegal under the terms of Rule 36.1. Accordingly, the trial court did not err in denying relief. The ruling of the trial court is therefore affirmed pursuant to Court of Criminal Appeals Rule 20.

Judge Alan E. Glenn