IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 27, 2019

## STATE OF TENNESSEE v. MICHAEL SCOTT BICKFORD

**Appeal from the Circuit Court for Lawrence County**
No. 24001     Stella L. Hargrove, Judge

_____

### No. M2018-01837-CCA-R3-CD

_____

Defendant, Michael Scott Bickford, appeals from the trial court's denial of his motion for correction of his sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Because Defendant voluntarily pled above his range, his sentence is not illegal. Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Michael Scott Bickford, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Brent Cooper, District Attorney General, for the appellee, State of Tennessee.

### OPINION

Nearly twenty-two years ago, Defendant stabbed to death Sherry J. Anderson. He was indicted for first degree premeditated murder. On April 2, 2004, Defendant entered a plea of nolo contendere to the reduced charge of second degree murder in exchange for a sentence of 35 years. The signed plea petition includes the following handwritten notation accompanied by Defendant's and his attorney's initials: "Defendant is aware that in exchange to a reduced plea from First Degree Murder he agrees to plead in Range II of 2nd degree murder."

On September 10, 2018, Defendant filed a pro se "Motion for Order Correcting Error in Judgment" pursuant to Tennessee Rule of Criminal Procedure 36.1. Defendant argued that he qualified as a Range I, standard offender because he had no felony record and, therefore, should have been subject to a statutory maximum sentence of 25 years. On September 13, 2018, the trial court entered an order denying the motion, finding that "Defendant pled out of range as a Range II, Multiple Offender," which carried a range of punishment of 25 to 40 years. Because "Defendant agreed to 35 years," the trial court concluded that "the judgment is correct." Defendant filed a timely notice of appeal.

On appeal, Defendant reasserts his argument that his sentence is illegal because he was sentenced above the statutory range for a Range I, standard offender. Additionally, Defendant argues that the State failed to file a timely notice of its intent to seek enhanced punishment. The State responds that Defendant's sentence is not illegal because he voluntarily agreed to plead outside of his range. We agree with the State.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

There are three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment form), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* at 595. Only fatal errors render sentences illegal. *Id*. Such errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id*. On the other hand, appealable errors "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence" and must be addressed on direct appeal. *Id*.

It is well-settled by now that offender range classification and release eligibility are "non-jurisdictional" and that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Davis v. State*, 313 S.W.3d 751, 759-60 (Tenn. 2010). Defendant relies on *McConnell v. State*, 12 S.W.3d 795 (Tenn. 2000), in which the Tennessee Supreme Court granted relief to a defendant who had been charged with first degree murder and pled guilty to second degree murder with

a sentence of 35 years, even though he was a Range I offender. However, the Tennessee Supreme Court later clarified that the defendant in *McConnell* was granted relief "because the plea agreement was structured pursuant to a wholly inapplicable statute [the 1982 Sentencing Act], not because the agreed sentence exceeded that available for the offender classification." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). The *Hoover* court held that "a plea-bargained sentence may legally exceed the maximum available in the offender range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." *Id.*; *see also Davis*, 313 S.W.3d at 760. Though *Hoover* involved a petition for writ of habeas corpus, our supreme court has held that the definition of "illegal sentence" in Rule 36.1 "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *Wooden*, 478 S.W.3d at 594-95. Because Defendant's guilty-pleaded sentence of 35 years does not exceed the statutory maximum of 60 years for a Class A felony, *see* T.C.A. § 40-35-111(b)(1), it is not illegal, and the trial court did not err in denying his motion. *See State v. Fred E. Smith, Jr.*, No. M2017-01360-CCA-R3-CD, 2018 WL 2069490, at *2 (Tenn. Crim. App. May 3, 2018), *perm. app. denied* (Tenn. Sept. 14, 2018).

Defendant argues for the first time on appeal that he is also entitled to relief because the State failed to timely file a notice of its intent to seek enhanced punishment. In addition to this argument being waived for failure to raise it in the trial court, *see State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996), this Court has previously held that an alleged error regarding the notice of enhancement does not render a sentence illegal and should be raised on direct appeal.[1] *See State v. Atlanta Pearl Hardy*, No. M2017-00537-CCA-R3-CD, 2017 WL 3492060, at *2 (Tenn. Crim. App. Aug. 15, 2017), *perm. app. denied* (Tenn. Nov. 16, 2017). Defendant also appears to challenge the knowing and voluntary nature of his guilty plea by arguing that due to the State's failure to file notice of enhanced punishment, "[h]e was completely unaware that he was pleading to more years than was statutorily available for a first time offender." Any allegation that Defendant did not enter his plea knowingly and voluntarily should have been raised in a petition for post-conviction relief and does not state a colorable claim for relief under Rule 36.1. *State v. LaShonda Moneak Williamson*, No. M2015-01812-CCA-R3-CD, 2016 WL 552745, at *2 (Tenn. Crim. App. Feb. 12, 2016), *no perm. app. filed*. Moreover, this allegation is flatly contradicted by the signed plea petition in which Defendant acknowledged that he was "aware" that he was agreeing "to plead in Range II." Defendant is not entitled to relief.

---

[1] Prior to filing his appellate brief, Defendant filed in this Court a motion "seeking an order permitting the supplementation of the Appellant's brief by virtue of T.R.A.P. 36(B)." This Court noted that the motion did not request a supplementation of the record and stated that the Appellant could include the argument in his brief pursuant to the Rules of Appellate Procedure. We will consider his motion a request for plain error review of an issue not raised in the trial court. However, because there was no breach of a clear and unequivocal rule of law, Defendant is not entitled to plain error relief. *See State v. Smith*, 24 S.W.3d 274, 282-83 (Tenn. 2000).

*Conclusion*

Based on the foregoing, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE