IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 27, 2021, at Knoxville

## STATE OF TENNESSEE v. RONALD CURRY

**Appeal from the Criminal Court for Shelby County**
No. 13-00365      Chris Craft, Judge
_____

### No. W2020-00865-CCA-R3-CD
_____

The petitioner, Ronald Curry, appeals from the trial court's summary dismissal of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. After a thorough review of the briefs of the parties and the applicable law, we conclude that the petitioner failed to state a colorable claim and affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Trial court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

J. Ross Dyer, J., delivered the opinion of the court, in which Norma McGee Ogle and Timothy L. Easter, JJ., joined.

Ronald Curry, Clifton, Tennessee, *pro se*.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On December 12, 2013, the petitioner pled guilty to one count of rape of a child. As part of his negotiated plea agreement, the defendant agreed to a sentence of twenty-five years to be served at 100%.

On April 29, 2020, the petitioner filed a motion to correct an illegal sentence, arguing, among numerous claims, that the trial court lacked jurisdiction because the evidence was insufficient to support an indictment or a conviction; the trial court erred in finding the petitioner competent to stand trial; the trial court failed to advise him of lifetime

community supervision; the trial court failed to properly voir dire the petitioner during his guilty plea; his sentence was excessive; *Brady* violations; and ineffective assistance of counsel. The trial court summarily denied the petitioner's motion, and this timely appeal followed.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). That court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

Concerning the petitioner's claims that are directly related to his sentence, the petitioner argues his bargained-for sentence is illegal because he was ordered to serve his sentence at 100% and the trial court erred in applying certain enhancement and mitigating factors. However, "a plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized by the plea offense." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). Here, the petitioner entered a negotiated plea to rape of a child and agreed to a sentence of twenty-five years as a Range II offender. Rape of a child is a Class A felony with an applicable sentencing range of twenty-five to forty years. Tenn. Code Ann. §§ 39-13-522(b)(2)(A); 40-35-112(b)(1). Additionally, a conviction for rape of a child requires 100% of the sentence imposed to be served. Tenn. Code Ann. § 40-35-501(i)(1), (i)(2)(I). Thus, the petitioner's bargained for sentence of twenty-five years was the minimum sentence possible and specifically authorized by the applicable statutory scheme. *Id.* The petitioner is, therefore, not entitled to relief on this claim.

In addition to the fact that his bargained-for sentence is legal, the petitioner's claims regarding the alleged lack of notice of lifetime community supervision, the voluntariness

of his plea, *Brady* violations by the State, and ineffectiveness of trial counsel are not actionable in a Rule 36.1 motion. *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015); *State v. Michael Scott Bickford*, No. M2018-01837-CCA-R3-CD, 2019 WL 1579198, at *2 (Tenn. Crim. App. Apr. 12, 2019).

In light of the discussion above, we conclude the petitioner's sentence is not illegal under the terms of Rule 36.1. When an opinion would have no precedential value, this Court may affirm by memorandum opinion the judgment or action of the trial court when the judgment was rendered or the action was taken in a proceeding without a jury and such judgment or action was not a determination of guilt, and the evidence does not preponderate against the finding of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE