IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2025

## STATE OF TENNESSEE v. TOMMY GAYDEN

**Appeal from the Criminal Court for Shelby County**
No. 09-06131          Chris Craft, Judge
_____

### No. W2024-00865-CCA-R3-CD
_____

Petitioner, Tommy Gayden, filed a single pro se pleading titled "Motion to Correct Illegal Sentence, Motion for Plain Error Review, and Petition for Extraordinary Writ on Ineffective Assistance of Counsel." The trial court summarily denied the motion to correct illegal sentence portion of the pleading for failure to state a colorable claim under Rule 36.1. Treating the two remaining claims as a motion to reopen post-conviction proceedings, the trial court summarily denied the claims because they did not satisfy any of the criteria to reopen a post-conviction proceeding, they were previously waived, and they were raised outside the one-year post-conviction statute of limitations. Discerning no error, we affirm the trial court's summary denial of all claims.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JILL BARTEE AYERS and STEVEN W. SWORD, JJ., joined.

Tommy Gayden, Henning, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Senior Assistant Attorney General; and Steven J. Mulroy, District Attorney General, for the appellee, State of Tennessee.

## OPINION

On October 7, 2010, Petitioner was convicted by a jury of second degree murder, a Class A felony, and the trial court sentenced him as a "multiple offender to thirty years' confinement at 100% service as a violent offender." *State v. Gayden*, No. W2011-00378-CCA-R3-CD, 2012 WL 5233638, at *1 (Tenn. Crim. App. Oct. 23, 2012), *perm. app. denied* (Tenn. Mar. 18, 2013). This court affirmed Petitioner's conviction on direct appeal.

*Id*. Petitioner then sought post-conviction relief, claiming trial counsel was ineffective for not moving for a mistrial when the State made objectionable and improper arguments during closing and rebuttal argument; for not properly investigating the victim's violent nature and history of violence; for not communicating with Petitioner about trial preparation or defense strategy; and for "not investigating the case properly." *Gayden v. State*, No. W2018-00787-CCA-R3-PC, 2019 WL 1796521, at *6 (Tenn. Crim. App. Apr. 23, 2019), *perm. app. denied* (Tenn. July 19, 2019). The post-conviction court denied relief, and this court affirmed the judgment of the post-conviction court. *Id.*

On May 8, 2024, Petitioner filed a single pleading, claiming that his sentence was illegal "in violation of the 8th Amendment to the United States Constitution and Article I, § 16 of the Tennessee Constitution" because he should have been sentenced as a Range I offender and because the trial court misapplied enhancement and mitigating factors. Petitioner also claimed that his conviction was unconstitutional because the trial court gave an "erroneous and unconstitutional" order of deliberation jury instruction that required the jury to consider and unanimously determine his guilt or innocence of second degree murder before proceeding to the next lesser-included offense. Finally, Petitioner claimed that he was entitled to plain error review on his "illegal sentence and unconstitutional conviction."

The trial court found that the Rule 36.1 motion portion of the pleading failed to state a colorable claim because "the Range II sentence [Petitioner] received is authorized under the statutory scheme and is therefore not an illegal sentence." The trial court treated "the allegations regarding the jury instructions being unconstitutional and any additional new claims of ineffective assistance of counsel . . . as a petition to reopen his prior petition for post[-]conviction relief." The court found that these additional claims

> do not satisfy any of the criteria set out in Tenn[essee] Code Ann[otated] section] 40-30-117 as grounds to reopen, have also been previously waived as not having been raised in any previous petitions pursuant to §40-30-106(g), do not appear to have any legal merit and have clearly been raised outside the statute of limitation of one year for post-conviction petitions[.]

The trial court summarily denied all claims raised by Petitioner without a hearing or appointment of counsel, and Petitioner timely appealed.

**Analysis**

Petitioner raises the same three issues on appeal that he raised in the trial court and adds an additional issue, claiming that the trial court erred in denying his claims without an evidentiary hearing. The State argues that the trial court properly dismissed the motion

to correct an illegal sentence for failing to state a colorable claim and properly dismissed the other claims because "the judgment is valid on its face."

## Rule 36.1

The purpose of Rule 36.1 "is to provide an avenue for correcting allegedly illegal sentences." *State v. Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014) (citations omitted), *perm. app. denied* (Tenn. Nov. 19, 2014). "The Rule does *not* provide an avenue for seeking the reversal of *convictions*." *Id*. (emphasis in original).

A Rule 36.1 motion must state a colorable claim for correction of an illegal sentence. A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). "If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2). Whether a Rule 36.1 motion states a colorable claim for correction of an illegal sentence is a question of law, which we review de novo. *Wooden*, 478 S.W.3d at 589.

"Sentencing errors fall into three categories—clerical errors, appealable errors, and fatal errors. Only fatal errors render sentences illegal." *Id.* at 595 (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011)). Imposing a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute is a fatal error resulting in an illegal sentence. *Id.*; *see* Tenn. R. Crim. P. 36.1(a)(2).

Petitioner claims that his sentence is illegal because the trial court misapplied enhancement and mitigating factors and because he was a Range I standard offender, not a Range II multiple offender. These claims, if taken as true and viewed in the light most favorable to Petitioner, would be appealable errors, not fatal errors, and would not render Petitioner's sentence illegal. *Wooden,* 478 S.W.3d at 595; *see State v. Walker*, No. E2021-01115-CCA-R3-CD, 2022 WL 4475939, at *3 (Tenn. Crim. App. Sept. 27, 2022), *perm. app. denied* (Tenn. Jan. 11, 2023).

On the date of the offense and at the time Petitioner was sentenced, second degree murder was a Class A felony. Tenn. Code Ann. § 39-13-210(b) (2010). The statutorily authorized punishment for Class A felonies was a determinate sentence of not less than fifteen years nor more than sixty years. Tenn. Code Ann. § 40-35-111 (2010); *Hoover v. State*, 215 S.W.3d 776, 779 (Tenn. 2007). The sentence range for a Range II multiple offender convicted of a Class A felony was twenty-five to forty years. Tenn. Code Ann. § 40-35-112(b)(1) (2010). A defendant convicted of second degree murder was required to

- 3 -

serve 100% of the sentence imposed. Tenn. Code Ann. § 40-35-501(i)(2)(B) (2010). Petitioner's thirty-year sentence was authorized by the applicable statutes and was not an illegal sentence. Tenn. R. Crim. P. 36.1(a)(2); *see Wilson*, 2014 WL 1285622, at *2.

Petitioner's 36.1 motion failed to state a colorable claim, and the trial court properly denied the motion without a hearing or appointment of counsel. Tenn. R. Crim. P. 36.1(b)(2).

### Claims Related to Petitioner's Conviction

Petitioner claims that his conviction was unconstitutional because the trial court gave an "erroneous and unconstitutional" jury instruction that required the jury to consider and unanimously determine his guilt or innocence of second degree murder before proceeding to the next lesser-included offense.[1] Petitioner further claims that he is entitled to plain error review on his "illegal sentence and unconstitutional conviction."

The trial court treated "the allegations regarding the jury instructions being unconstitutional and any additional new claims of ineffective assistance of counsel" as a motion to reopen a post-conviction proceeding under Tennessee Code Annotated section 40-30-117(a), which provides:

> (a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:
>
> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or
>
> (2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

---

[1] We note that Tennessee has long utilized acquittal-first jury instructions. *State v. Davis*, 266 S.W.3d 896, 908 (Tenn. 2008). Acquittal-first jury instructions are permitted by the Tennessee Constitution. *Id*. at 905.

- 4 -

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

The trial court found that: (1) Petitioner's grounds for relief do not satisfy any of the four criteria required to reopen a post-conviction proceeding; (2) pursuant to Tennessee Code Annotated section 40-30-106(g), the grounds for relief are waived because they were not presented in any previous proceeding in which they could have been raised; and (3) the grounds for relief were raised outside the statute of limitation of one year for post-conviction petitions.

The trial court found the grounds for relief related to Petitioner's conviction had no legal merit and summarily denied relief. We agree with the trial court's finding that Petitioner's claims concerning his conviction have no legal merit.

**Conclusion**

We affirm the judgment of the trial court summarily denying the "Motion to Correct Illegal Sentence, Motion for Plain Error Review, and Petition for Extraordinary Writ on Ineffective Assistance of Counsel."

_s/Robert L. Holloway, Jr._
ROBERT L. HOLLOWAY, JR., JUDGE