IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 24, 2025

**STATE OF TENNESSEE v. JONATHAN SMITH**

**Appeal from the Criminal Court for Shelby County**
No. 17-02669        Jennifer Fitzgerald, Judge

_____

**No. W2024-01396-CCA-R3-CD**

_____

Defendant, Jonathan Smith, appeals the trial court's summary denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and STEVEN W. SWORD, JJ., joined.

Jonathan Smith, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Among other charges, Defendant was indicted for first degree murder.[1] Pursuant to a plea agreement, Defendant pleaded guilty to the lesser-included offense of second degree murder and was sentenced to thirty years as a Range II offender at 100 percent service. On May 30, 2024, he filed a pro se Rule 36.1 motion to correct an illegal sentence, arguing that he was improperly sentenced as a Range II offender. On June 21, 2024, the trial court denied the motion, finding that "[a]ccording to the Order on Guilty Plea and the judgment sheet, the parties agreed that [Defendant] would plead guilty to thirty years for [C]ount 1, which was above his applicable sentencing range." The court noted that although

_____

[1] The indictment, plea agreement, and judgment were not included in the record on appeal. However, it is clear from the trial court's order that the trial court had access to these documents.

Defendant was a Range I offender, his "out of range" sentence did not "amount to fatal error" and that Defendant "benefitted from his bargain by receiving thirty years instead of a sentence of life imprisonment for first degree murder." The record reflects that Defendant, who is incarcerated, received the order denying the motion on August 21, 2024. On September 13, 2024, Defendant filed a late notice of appeal.

*Analysis*

As an initial issue, we address the timeliness of Defendant's appeal. A notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). Unlike in civil cases, notices of appeal filed in criminal cases are "not jurisdictional and the timely filing of such document may be waived in the interest of justice." *Id.* The appellate court "shall be the court that determines whether such a waiver is in the interest of justice." *Id.* This court has recognized that the appellant has the burden of properly perfecting his appeal or demonstrating that the interest of justice warrants waiver of the timely filing requirement. *See State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *2 (Tenn. Crim. App. Nov. 9, 2023) (citing *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023)), *perm. app. denied* (Tenn. May 16, 2024). The State argues that Defendant's appeal should be dismissed as untimely. Here, the record reflects that while the order denying Defendant's motion was entered June 21, 2024, the order was not received by Defendant until August 21, 2024, as noted by the date stamp from the Tennessee Department of Correction showing the document was received by the facility on that date. Defendant noted this delay in his notice of appeal filed on September 13, 2024. After reviewing the circumstances underlying the untimely filing, we conclude it is appropriate to waive the timely filing of the notice of appeal.

On appeal, Defendant contends that the trial court erred in dismissing his Rule 36.1 motion to correct an illegal sentence. Defendant maintains that his sentence was illegal because his sentence was greater than that permitted within his offender classification. The State argues that Defendant is not entitled to relief because he voluntarily and knowingly entered a guilty plea, which "waives any irregularity as to offender classification." *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997).

Tennessee Rule of Criminal Procedure 36.1(a)(1) provides that a defendant or the State "may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Only fatal errors, which include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses," render a

- 2 -

defendant's sentence illegal. *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 448-49 (Tenn. 2011)).

Pursuant to Tennessee Rule of Criminal Procedure 36.1(a)(1), "[t]he movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents." Here, Defendant failed to attach a copy of the judgment order at issue. Although not addressed by the State, this failure alone forms a sufficient basis for this court to affirm the trial court's summary denial of Defendant's motion. *See State v. Smith*, No. W2020-01596-CCA-R3-CD, 2021 WL 4932496, at *2 (Tenn. Crim. App. Oct. 22, 2021). That notwithstanding, we conclude that the trial court did not err in denying the motion on the basis that it failed to state a colorable claim for relief.

If the trial court "determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. at 36.1(2). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. Whether a defendant's motion "states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (compiling cases).

The record reflects that the trial court properly dismissed Defendant's Rule 36.1 motion. Provided that Defendant voluntarily and knowingly entered a guilty plea, he waived any irregularity as to classification or release eligibility. *See Hicks* 954 S.W.2d at 709. "A plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). At the time of Defendant's offense, the authorized sentence for second-degree murder, a Class A felony, was fifteen to sixty years' confinement. Hence, Petitioner's thirty-year sentence is not illegal because it was the product of a bargained-for plea agreement and within the authorized punishment for his guilty-pleaded offense.

*Conclusion*

In light of the foregoing reasoning and authorities, we conclude that the trial court properly denied Defendant's motion for Rule 36.1 relief. Accordingly, we affirm the judgment of the trial court.



s/ Matthew J. Wilson
MATTHEW WILSON, JUDGE

- 3 -